UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA NICOLE BROYLES,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:21-cv-00445-JLT-BAM<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br>(Doc. 16) |

Pending before the Court is the motion of Jonathan Peña of the Law Office of Peña & Bromberg, PC to withdraw as attorney of record for Plaintiff Andrea Nicole Broyles ("Plaintiff"). (Doc. 16.) The matter was heard by teleconference on January 7, 2022, before United States Magistrate Judge Barbara A. McAuliffe. Plaintiff's counsel Jonathan Peña appeared by telephone. Defendant Commissioner of Social Security's counsel Jeff Staples and James Key appeared by telephone. Plaintiff Andrea Nicole Broyles did not appear despite the Court delaying the start of proceedings to allow additional time for her appearance.

Having considered the moving papers, arguments and record in this action, the motion to withdraw as counsel of record will be granted.

**BACKGROUND**

On March 17, 2021, Plaintiff, through counsel, filed the instant action seeking review of a final decision of the Commissioner of Social Security denying Plaintiff's application for Social Security Disability Insurance and Supplemental Security Income benefits. (Doc. 1.) On March

1  19, 2021, the Court issued a Scheduling Order, which set deadlines for service and filing of the
2  Administrative Record, the exchange of confidential letter briefs, and the filing of opening,
3  response and reply briefs.  (Doc. 5.)  On April 7, 2021, consistent with General Order No. 615,
4  the Court issued an order staying the action.  (Doc. 10.)

5        On November 12, 2021 the Commissioner of Social Security served and filed the
6  Administrative Record.  (Doc. 14.)  By operation of General Order 615, the stay of this action
7  was lifted automatically upon the filing of the Administrative Record.  *See* General Order No.
8  615 at ¶ 10.  The Court issued a minute order on November 15, 2021, confirming that the stay
9  was automatically lifted pursuant to General Order 615.  (Doc. 15.)

10       On November 17, 2021, Plaintiff's counsel filed the instant motion to withdraw as
11 attorney of record.  (Doc. 16.)  Plaintiff was served with a copy of the motion to withdraw.  (*Id.*
12 at 6.)  On November 22, 2021, the Court set this matter for a telephonic hearing on January 7,
13 2022, and directed Plaintiff's counsel to serve Plaintiff with a copy of the order.  (Doc. 17.)
14 Plaintiff's counsel filed a proof of service of that order on December 14, 2021.  (Doc. 18.)  To
15 date, no opposition has been submitted or otherwise filed with the Court.

16                                      **DISCUSSION**

17       **A.**     **Motion to Withdraw**

18       Plaintiff's counsel moves to withdraw because counsel has been unable to communicate
19 with or otherwise obtain substantive direction from Plaintiff.  Counsel asserts that the attorney-
20 client relationship has broken down.  Counsel also requests that Plaintiff be given thirty (30)
21 days to plead or retain other counsel.  (Doc. 16.)

22       According to the declaration of counsel, he wrote to Plaintiff on July 2, August 3, August
23 9, and November 16, 2021, at Plaintiff's last known address seeking direction on this case.
24 Counsel did not receive any response.  (Doc. 16 at 5, ¶ 3.)  Counsel also called or caused
25 telephone calls to Plaintiff on June 28, July 2, July 14, July 20, July 21, August 9, September 2,
26 November 8, November 9, and November 16, 2021.  Counsel did not receive any response.  (*Id.*
27 at ¶ 4.)  Counsel asserts that absent communication, he cannot proceed to the merits of this
28 action.  (*Id.* at 3.)

**B.     Legal Standard**

In the Eastern District of California, attorneys representing parties to a civil case are subject to this Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d); *see also Thomas v. Experian Info. Sols., Inc*., 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, *1 (E.D. Cal. Jan. 14, 2009) (finding that the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

The Rules of Professional Conduct of the State Bar of California provide that an attorney may withdraw from representation if the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively." California Rules of Professional Conduct, Rule 1.16(b)(4). The Rules also allow for permissive withdrawal where "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Rule 1.16(b)(10).

As noted above, the decision to grant counsel's motion to withdraw is within the discretion of the trial court. *Thomas* 2014 WL 7359180, at *1; *Canandaigua*, 2009 WL 89141 at *1. "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua*, 2009 WL 89141 at *1. "In

determining whether good cause for withdrawal exists, courts have considered whether the client is cooperative or seeks to dictate litigation strategy." *Id.* at *2 (citation omitted).

### C.     Analysis

In this case, the Court finds that the conduct of Plaintiff renders it unreasonably difficult for counsel to carry out the employment effectively.  Plaintiff has ceased communication with counsel and, as a result, counsel is unable to proceed in this matter without direction and consent from Plaintiff.  The Court also finds that counsel has demonstrated good cause for permissive withdrawal as attorney of record in light of Plaintiff's failure to communicate with counsel.

Given the procedural posture of this case, withdrawal will not result in prejudice to the other litigants, nor will it cause harm to the administration of justice and/or unduly delay the resolution of the case.  The motion to withdraw shall be granted as to counsel and Andrea Nicole Broyles will be substituted in propria persona in place and stead of counsel, Jonathan O. Peña. The Court will further grant Plaintiff a brief extension of time to secure new counsel and issue a separate order setting a status conference in this action.

## **CONCLUSION AND ORDER**

For the reasons stated, the Court HEREBY ORDERS as follows:

1. The motion to withdraw as attorney of record for Plaintiff Andrea Broyles filed by Jonathan O. Peña of the Law Office of Peña & Bromberg, PC (Doc. 16) is GRANTED;

2. Andrea Broyles is substituted *in propria persona* in place and stead of Jonathan O. Peña of the Law Office of Peña & Bromberg, PC;

3. The Clerk of the Court is directed to update the docket with the contact information of Andrea Broyles at her last known address:

2715 S. Tracy Street
Visalia, California 93292

Plaintiff is advised that pursuant to Local Rules 182(f) and 183(b) she is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number.

///

4.   By separate order, the Court will grant Plaintiff a brief extension of time to secure new counsel and set a telephonic status conference in this matter.

IT IS SO ORDERED.

Dated:   **January 7, 2022**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE