UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA NICOLE BROYLES,<br><br>        Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:21-cv-00445-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

**I.    Background**

Plaintiff Andrea Nicole Broyles ("Plaintiff"), through counsel, initiated this action seeking review of a final decision of the Commissioner of Social Security on March 17, 2021. On January 10, 2022, the Court issued an order granting the motion of attorney Jonathan O. Peña of the Law Office of Peña & Bromberg, PC to withdraw as Plaintiff's attorney of record, finding Plaintiff had ceased all communication with counsel and counsel was unable to communicate in any way with Plaintiff. Plaintiff was substituted for counsel *in propria persona*. (Doc. 23.) By separate order, the Court set a telephonic status conference for January 27, 2022, to address whether Plaintiff had secured new counsel or intended to proceed *in propria persona*. (Doc. 24.)

1

1    The Court expressly cautioned Plaintiff that the failure to appear at the conference may result in
2    the imposition of sanctions, including terminating sanctions. (*Id.* at 2.) A copy of the order was
3    served on Plaintiff at her last known address. The mail was not returned to the Court as
4    undeliverable.
5        On January 27, 2022, the Court convened the telephonic status conference. Counsel for
6    the Commissioner of Social Security, Jeff Staples, appeared by telephone. Plaintiff did not
7    appear despite the Court delaying the start of proceedings to allow additional time for Plaintiff's
8    appearance.
9        Having considered the record in this matter, the Court will recommend dismissal of this
10   action for failure to obey a court order and failure to prosecute this action

11   **II.     Discussion**

12       Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with
13   any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
14   within the inherent power of the Court." District courts have the inherent power to control their
15   dockets and "[i]n the exercise of that power they may impose sanctions including, where
16   appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court
17   may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to
18   obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52,
19   53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d
20   1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
21   amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)
22   (dismissal for failure to comply with court order).
23       In determining whether to dismiss an action, the Court must consider several factors: (1)
24   the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
25   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
26   cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779
27   F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).
28       Here, this action has been pending since March 2021, and Plaintiff apparently has

1  abandoned the matter, failing to communicate with her former counsel, failing to retain new
2  counsel, failing to resume prosecution of this action, and failing to appear or otherwise respond to
3  this Court's order.  The matter cannot simply remain idle on the Court's docket, unprosecuted,
4  awaiting Plaintiffs' compliance.  The Court also cannot effectively manage its docket if Plaintiff
5  ceases litigating her case.  Thus, the Court finds that both the first and second factors weigh in
6  favor of dismissal.

7  The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a
8  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
9  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs
10 against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*,
11 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose
12 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
13 progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods.*
14 *Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

15 Finally, the court's warning to a party that failure to obey the court's order will result in
16 dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
17 *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's January 10, 2022 order
18 expressly warned Plaintiff that her failure to comply could result in termination of the action.
19 (Doc. 24 at 2.)  Thus, Plaintiff had adequate warning that dismissal could result from her
20 noncompliance.

21 Additionally, at this stage in the proceedings there is little available to the Court which
22 would constitute a satisfactory lesser sanction while protecting the Court from further
23 unnecessary expenditure of its scarce resources.  Monetary sanctions or the preclusion of
24 evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.

25 **III.    Conclusion and Recommendation**

26 Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed
27 for Plaintiff's failure to obey the Court's order and failure to prosecute this action.

28 These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 27, 2022**            /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

4